*UTICA,*
*August, 1823.*

CORNELL
v.
REYNOLDS.

---

## CORNELL *against* REYNOLDS.

CERTIORARI to a Justice's Court. In debt, by *Reynolds* against *Cornell,* in the Court below, it appeared that *Reynolds* had sued one *Henry Locy,* by warrant, before *Joseph Stewart,* a Justice, in 1820 ; that *Cornell* became bail for *Locy,* for an adjournment, pursuant to the 4th section of the " act for the recovery of debts to the value of 25 dollars." (Vid. 1 *R. L.* 389.) On the adjourned day, the parties appeared, and judgment was given for the plaintiff for $23,08, on a verdict. Immediately after the verdict was given, and before judgment was entered, *Cornell,* the bail, came forward and tendered *Locy,* his principal, to the Justice. The constable to take charge of

The cause being adjourned, under the 4th section of the 25 dollar act, upon giving security, the defendant appeared at the adjourned day, and, on verdict against him, his bail immediately tendered him to the justice, who called a

him, but, finding none, said he had nothing to do with the defendant : *held,* that the bail was discharged, though, on entering judgment and issuing execution, the principal was not to be found.

It was the misfortune, if not the fault of the plaintiff, that he had not the constable there.

The object of the statute was, to place the plaintiff in the same situation at the adjourned day, as he was in on the return of the warrant.

It seems that a verdict, by which the jury found, in such a case, that *the prisoner was not delivered up, and that the bail was still holden for debt and costs,* is a good verdict in substance.

Constable not being present, the Justice called for him ; but he did not appear, and the Justice told the bail, that he (the Justice) had nothing to do with the defendant, and should take no charge of him.    He then entered judgment, issued execution, and delivered it to the Constable, who had now come into Court, and who returned the execution *non est.* The jury, in this cause, delivered to the Justice, in the presence of the parties, the following verdict :    " *White Creek,* *Jan.* 1, 1820.    After hearing the pleas and allegations of the parties, we, jurors, do agree upon it, as our verdict, that the prisoner (*Henry Locy*) was not delivered up ; and further, that we considered the bail still holden for debt and cost."    Signed by the jurors.    The Justice considered this a verdict for the plaintiff, and entered judgment for the amount proved by *Joseph Stewart,* Esq. who rendered the original judgment, and who was a witness and proved the same, on the trial of this cause, viz. $23,08, with costs to $2,47½.

G. *Wendell,* for the plaintiff in error.

G. *R. Davis,* contra.

*Curia,* per SAVAGE, Ch. J.    It is urged, that the bail was discharged, by the appearance of the defendant, *Locy,* (before *Stewart,* Justice) remaining during the trial, and the subsequent attempt to surrender him.    The language of the act is,(a)   " And if the adjournment is required by the defendant, he shall give sufficient security to appear on the day to which the cause is adjourned ; and, in default of such appearance, to pay the debt, or damages, and costs, if judgment shall be given against him," &c.

It appears to me, that the legislature intended to give the defendant the benefit of an adjournment, and yet put the plaintiff in as good a condition as he was in on the return of the warrant.    He *then* had the defendant's *person,* to satisfy the demand, if no property could have been found.    The condition of his liberty is, that *he shall appear on the day* to which the cause is adjourned.    In *Dunham* v. *Heyden,* (7 *John.* 381) the defendant, in the original action, appeared at

*(a)* 1 *R. L.* 389.

the trial, by attorney, and, the day after the trial, the bail offered to surrender the defendant to the Justice, who refused to have any thing to do with him. The Court decided that the word *appearance* means " a *personal* appearance."

The undertaking of *Cornell* was, that *Locy* should appear on the day and at the place to which the cause was adjourned. *Locy* did appear, and attend the trial, until the same was ended, and his bail had offered to surrender him to the Court. In my judgment, the bail had performed his contract ; and it was the misfortune, if not the fault of the plaintiff, that no officer was attending, to take charge of the defendant, *Locy*, when the bail had done all he could do to discharge himself of his liability, by surrendering his principal. The verdict of the jury, though informal, I think amounts to a verdict for the plaintiff ; but, in this finding, they misapprehended the effect of the defendant's undertaking. I am, therefore, of opinion that the judgment must be reversed.

Judgment accordingly.