## TRUMBULL *vs.* HEALY.

March, 1840.

*Special bail* are entitled to have an *exoneretur* entered on the bail piece, where the *principal* has obtained his discharge as an *insolvent debtor*, since the rendition of the judgment against him ; and that whether the discharge be granted under the act to *exonerate the person of the debtor from imprisonment* or under *the two-third act.*

An *exoneretur* will be ordered, notwithstanding the allegation of *fraud;* the question of *fraud,* can be raised only by a new action.

THIS was a motion by *special bail* for an *exoneretur*, on the ground that the *principal*, since the judgment against him, had obtained a *discharge* under the *act to exonerate the persons of debtors from imprisonment.* The motion was resisted on the ground that the principal not being a *resident* of this state, came here *fraudulently* for the purpose of obtaining his discharge.

*By the Court,* NELSON, Ch. J. As a general rule, the *certificate* of a bankrupt, or *discharge* of an insolvent debtor, is equivalent to a surrender in discharge of special bail ; and an *exoneretur* will be entered on motion. The relief is summary, as the facts cannot be pleaded by way of defence to an action on the recognizance. 2 Bos. & Pull. 45. 1 Archb. Pr. 311. The bail are discharged in these cases without the trouble and expense of a surrender, because the principal is not liable to imprisonment on the debt.

In 1 Caines, 249, to an application for an *exoneretur*, the court refused to hear the objection that the discharge was not duly *stamped*, saying, the act made it *conclusive*, except in cases of fraud. In 9 Johns. R. 259, they refused to hear affidavits charging fraud in obtaining the discharge, on an application of the *principal* who had been surrendered by his bail, saying it had been so decided in several cases at the previous term, and that the plaintiff must resort to his action. The same was held in 9 Wendell, 431 ; and it follows of course, if the allegation of fraud, would not be permitted against the discharge of the principal it would not on motion to discharge the bail.

Trumbull v. Healy.

In 1 Cowen, 50, an application was made by the *principal* to be discharged from arrest on *mesne process* on filing common bail, and resisted on the ground of fraud. After a very full discussion the court discharged him, saying none of the proceedings before the discharge could be questioned in this summary way. It had been obtained under the two-third act. But in p. 228, another case in the same volume, they refused to discharge from arrest on *mesne process*, on a *prima facie* case of fraud being shown against the discharge. This was under the act to abolish imprisonment. The distinction was made, doubtless, upon the provision of the act of 1819, which authorized the debtor to be held to bail on mesne process, on the allegation of fraud. 7 Cowen, 518. The same provision is now extended to suits against persons holding a discharge under either act, and therefore the ground for the distinction no longer exists. 1 R. S. 795, § 21, 22.

The amount of the decisions on this subject seems to be, that the principal will be discharged, and an *exoneretur* ordered on the bail piece, on behalf of the bail, as the case may be, where judgment has been obtained before the discharge, on a summary application, and the allegation of *fraud* will not be heard on affidavits in opposition. The plaintiff *must resort to his action* against the principal, in which he may be arrested and held to bail on the debt, notwithstanding the discharge here under the two-third act as well as the act to abolish imprisonment. 1 R. S. 795, § 21, 22. Then the defendant being compelled to plead the discharge, the issue on the allegation of fraud will be tried as it should be before the court and jury. Cases may occur where the court would open the judgment and allow the discharge to be pleaded in the original action, instead of compelling the plaintiff to institute a new suit; but these must depend upon their own circumstances, and will be exceptions to the general rule.

The bail, as I have before stated, cannot plead the discharge in an action against them; the only way in which it can be made available is either by motion or a feigned issue. The latter is sometimes ordered in England, though

the practice appears to be unsettled. Petersd. on Bail, 393, 109. Bos. & Pull. 390. 1 Barn. & Ald. 332. Bagley's Pr. 171. 1 Archb. Pr. 310, 311, and cases there cited. I have found no case where a feigned issue has been ordered by this court on such a motion, and think the practice ought not to be introduced. There are now very few cases, comparatively, in which the defendant can be held to bail, and the expense of a feigned issue would be generally disproportioned to any advantage that could accrue to the plaintiff; especially since he may arrest the defendant anew and hold him to bail, and thus litigate, incidentally, the validity of the discharge in the course of obtaining the second judgment.

Upon this view of the practice, the bail here are entitled to be discharged. Let an *exoneretur* be entered.