*Wood, J.
It is admitted in this ease that the arrest and commitment of Ogden, and the execution of the bond by him and his sureties, were all acts done in pursuance of the provisions of the law as they existed at the time. It is supposed, however, by the defendants, that the act of March 19, 1838, though passed subsequently to his commitment, operates ipso facto to discharge him, and this is the question raised by the demurrer. It is not claimed that the execution, issued for the arrest of Ogden was founded on any affidavit, or that Ogden came within any of the exceptions enumerated as cases in which it should be lawful to arrest, for all was done, and whatever the rights of the plaintiff were, they accrued at the date of the bond, in December, 1837, and the act in question was not passed until the following March. But it is said the right of the plaintiff to the custody of Ogden in the sheriff, within the limits of the prison, was already vested before tlie passage of the act, and that right could not be impaired or affected by subsequent legislation.
The answer to this is, that the execution and commitment, and the bond for the liberties of the prison, are not the contract, which it is unconstitutional to impair, but they are the remedy, which the law has provided as a moans to enforce the contract, and which are at all times subject to legislative control. The remedy may be enlarged, or restrained, or taken away altogether, without affecting the obligation such remedy was given to enforce. The un *360 dertaking of bail is a part of the means given to obtain payment. If a plaintiff have no right to imprison a defendant, he has not the right to compel his surrender by the bail. When the principal debtor is discharged, such discharge exonerates the bail. These principles are all discussed and recognized in 1 McLean, 231; 9 Pet. 329 ; 21 Wend. 670. It follows, then, that the bond and imprisonment being given as a part of the remedy, the general assembly, by the act of March 18, 1838, affected the remedy only, and not the contract; that the act aforesaid discharged the said Ogden from imprisonment, and the discharge of the principal is a discharge of the defendants. *The demurrer will be over- [360 ruled and judgment given for the defendants on the special plea.
Judgment for the defendants.