Grimke, J.
The questions which are presented in this case are:
1. Would the defendant have been entitled to an exoneretur, without an actual-surrender of the principal, any time between March 19, 1838 (when the act abolishing ^imprisonment for debt took effect), and May 1, 1839, when the right to imprison was reordained, as against non-residents? and, .
2. If he had this right, can the same matter be taken advantage of, by way of plea to the action brought upon the recognizance ? And if these questions are answered in the affirmative, then,
3. Did the act of March 16, 1839 (and which became of force on May 1, 1839), defeat the validity of the plea?
The first two questions are completely settled in the case of Beers v. Haughton, 9 Pet. 329. It was there conclusively shown, that wherever the principal would be entitled to an immediate and unconditional discharge, if he had been surrendered, there the bail are entitled to relief by entering an exoneretur, without any surrender. This was so held in Mannin v. Partridge, 14 East, 599; Boggs v. Teale, 5 Binn. 332; and Olcott v. Sibley, 4 Johns. 407. The same principle was determined in Durham v. Macomber, 5 Wend. 113, under the act exempting females from imprisonment; in Russell v. Champion, under the general act abolishing imprisonment for debt; and in Trumbull v. Healy, 21 Wend. 670, under an insolvent debtors’ act. It was also shown, in the case of Beers v. *80 Haughton, that wherever-the bail are entitled to be discharged, as a matter of pure right they will not only be discharged on motion, but they may plead the same matter as a bar to a suit on the recognizance. Bail are said to be entitled to a discharge, as a matter of pure right, any time before the return of non est to a capias ad satisfaciendum; and they are said to be entitled to the same, as a matter of mere favor, any time before the return of the second nihil, on the scire facias against them. From March 19,1838, then, until May 12, 1840, when the ca, sa. was issued under the amendatory act, the bail was entitled, without a surrender, to an exonereiur as a matter of strict right, and may therefore avail himself of the same matter as a defense to this suit, provided the principal could not, if a surrender had been made, have been imprisoned *at all. And that he could not, is also settled by the case of Beers v. Haughton. The principle of the determinations in Sturges v. Crowninshield, 4 Wheat. 200, and Mason v. Haile, 12 Wheat. 370, that the right to imprison constitutes no part of the contract, and that a discharge of the party from imprisonment does not impair the obligation of the contract, was again recognized and reinforced. The legislature, therefore, had power to pass the act abolishing imprisonment for debt, so as to make it operate upon pre-existing cases. And the only remaining question then is, whether the act of March 16, 1839 (and which took effect the 19th of March), is sufficient to make a difference in the case. And I confess I am unable to see how it should have this effect. The right to an ex-oneretur, as a matter of strict right, and not merely as a matter of favor, was perfect before the passage of that act, and was not dependent, in any way whatever, upon any of its provisions. The renewal of the right to imprison the principal, on the pursuit of a new procedure, is very different from the revival of the right of action against the bail. The supposition that the one depended on the other, could only have arisen from the idea that the right of the bail to a discharge was not matured prior to the passage of the act of 1839; whereas, as I have shown, it was perfect on March 19, 1838, two days after the recognizance was entered into, and could not, therefore, be defeated by any matter ex post facto. The defendant, therefore, is entitled to a judgment, i Judgment for the defendant.