Graham agt. Wells.

## SUPREME COURT

WILLIAM GRAHAM agt. WILLIAM WELLS, Sheriff of Rens-
selaer.

In an action for the recovery of *personal property*, during the three days allowed
the defendant within which he may make his election to hold the property him-
self (§§ 210, 211), the sheriff or other officer is required to retain the property
in his possession.

If the defendant elect to hold it, the officer is still to retain the property until the
defendant's *sureties justify* (§ 211), unless he is willing himself to take the risk
of such justification. The effect, therefore, of a demand of the property by the
defendant, in the manner specified, is not to entitle the defendant to have the
property delivered to him, but to prevent a delivery to the plaintiff.

The *time* within which the defendant is to proceed to have his sureties justify, is
not limited. Nor need it be, as the plaintiff's security is the liability of the
officer until sureties have completely justified.

The requirement of the statute on the *justification* of the sureties is, that where
more than *two* bail are allowed to justify, the whole justification shall be equiv-
alent to that of two sufficient bail; and where there are but two bail, *each* must
justify in the amount required in the undertaking, which in the aggregate
makes *double* that amount.

Therefore, where there were more than two sureties, who justified in the aggre-
gate to a less amount than double that required, *held* irregular.

*At Chambers, Albany, November 2d, 1857.*

MOTION to stay proceedings, &c.

On the 13th of October, 1857, this action was commenced to
recover the possession of a store of goods, which the defendant
had taken by virtue of attachments against one Thomas Cana-
van. On the same day, the coroner, to whom process for that
purpose had been delivered, took possession of the property,
and still retains the same. The value of the property was
$22,100, according to the plaintiff's affidavit.

On the 16th of October, the defendant delivered to the coro-
ner an undertaking executed by several sureties, and in all
respects conformable to the requirements specified in the 211th
section of the Code, and required a return of the property.

Graham agt. Wells.

On the 21st of October, the defendant's attorney served on the plaintiff's attorney a notice that the sureties would justify before one of the justices of the supreme court, at the City Hall, in the city of New-York, on the 23d of October.

At the time specified in the notice, the parties appeared before the justice, and three of the sureties in the undertaking justified to the amount, in the aggregate, of $60,000.

Before the examination of the sureties commenced, the counsel for the plaintiff objected to the jurisdiction of the judge, on the ground that the justification could not take place in New-York, the place of trial being in Rensselaer; and, also, on the ground that the justification was too late in point of time. The judge directed the justification to proceed, subject to the objections.

After the justification was concluded, the counsel for the plaintiff insisted that the sureties were insufficient, for the reason that the aggregate amount in which they had justified, was not equal to twice the amount specified in the undertaking. The judge overruled the objection, and held that the sureties were sufficient. The justification was accordingly approved by the judge.

Upon affidavits, showing these facts, and a notice of motion to be made on the last Tuesday of November, to set aside the undertaking and justification, an order was made on the 29th of October, requiring the defendant to show cause before the judge making the order, on the 2d of November, why the proceedings in the action, so far as relates to the delivery of the property in question to the defendant, should not be stayed, until the motion could be made and decided, and in the meantime staying such proceedings.

Upon the day for showing cause, the parties appeared before the judge, and the questions involved in the motion were argued by counsel.

W. A. BEACH, *for plaintiff.*
M. I. TOWNSEND, *for defendant.*

HARRIS, Justice.　Upon the commencement of an action for the recovery of personal property, the defendant has the right to elect whether the plaintiff or himself shall hold the property, *pendente lite*. Three days are allowed him, within which he may make this election. If he do not elect to hold the property himself, he may take measures to see that the security given by the plaintiff for a return of the property, in case a return should be adjudged, is sufficient. For that purpose, he may, within the three days, except to the sufficiency of the sureties. Such exception is, of itself, evidence of his election not to hold the property himself.

If, on the other hand, he elects to hold the property himself, he must, within the time limited, signify such election by requiring the officer who served the process to return the property to him, and, at the same time, deliver to the officer an undertaking as provided in the 211th section of the Code.

During the three days thus allowed to the defendant, within which he may make his election, the officer is required to retain the property in his possession. If the defendant elect to hold it, the officer is still to retain the property until the sureties justify, unless, indeed, he is willing himself to take the risk of such justification. The effect of a demand of the property by the defendant, in the manner specified, is not to entitle the defendant to have the property delivered to him, but to prevent a delivery of the property to the plaintiff. If the defendant would have the property himself, he must proceed to have his sureties justify in the manner provided in the 212th section of the Code.

The time within which the defendant is to proceed to have his sureties justify, is not limited. Nor need it be. It is enough for the plaintiff, that the property is to be retained by the officer until such justification takes place, unless the officer chooses to make himself personally responsible that the sureties shall justify. The plaintiff cannot have the property, and whether it remains in the hands of the officer or the defendant, does not concern him further than to know that he has sufficient security for the delivery of the property to him, in case

Graham agt. Wells.

he obtains a judgment for such delivery. This security he has in the liability of the officer, until the sureties have completely justified.

In this case, the defendant elected to hold the property himself. For that purpose he required that it should be returned to him, and delivered to the officer who held the property, an undertaking, executed by a sufficient number of sureties, who thereby became bound to the plaintiff in the sum of $45,000, for the delivery of the property to the plaintiff, in case a delivery should be adjudged, and for the payment to him of such sum of money as, for any cause, he might recover against the defendant. This was enough to prevent a delivery of the property to the plaintiff.

Five days afterwards, for the purpose of getting the property back into his own hands, the defendant gave notice of the justification of his sureties. The notice was regular. The justification was to take place before one of the justices of this court in New-York. The bail resided there, with the exception of one who resided in Brooklyn, and no objection was taken to the proceedings before the judge on this ground.

Although *five* sureties executed the undertaking, but three appeared to justify. These only justified, in the aggregate, to the amount of $60,000. The requirement of the statute is, that where more than two bail are allowed to justify, the whole justification shall be equivalent to that of two sufficient bail. The amount specified in the undertaking was $45,000. If there had been but two sureties, they would each have been required to justify in this amount. This would have amounted, in the aggregate, to $90,000. A less amount than this was insufficient. And yet sureties have been pronounced sufficient who have only justified to the amount of $60,000. I regard such a justification as irregular. The application for a stay of proceedings must, therefore, be granted.