BALLARD *v.* BALLARD.

The benefit of an exception, duly taken, to sureties on an appeal is waived by the failure of the respondent to attend the officer before whom notice of justification is given, although the sureties also fail to attend.

The party excepting is the actor in the proceeding, and no step is necessary to be taken except on his requisition.

Motion to dismiss an appeal from the Supreme Court.

*Joshua Smith,* for the respondent.

*John Brown,* for the appellant.

SELDEN, J. This is a motion to dismiss the appeal pending in this cause, upon the ground that the bail proposed on the part of the appellant, after being duly excepted to by the respondent's attorney, have wholly failed to justify, as required by law. By section 341 of the Code, the bail, upon an appeal to this court, when excepted to, are required to justify in the manner prescribed by sections 195 and 196, which provide for the case of bail taken upon an order of arrest.

The first of these sections reads as follows: " For the purpose of justification, each of the bail shall attend before the judge, or a justice of the peace, at the time and place mentioned in the notice, and *may be examined on oath* on the part of the plaintiff, touching his sufficiency, in such manner as the judge or justice of the peace, in his discretion, may think proper. The examination shall be reduced to writing and subscribed by the bail, *if required by the plaintiff.*

Section 196 requires the judge or justice, if he find the bail sufficient, to annex the examination to the undertaking, indorse his allowance thereon and cause them to be filed

Ballard *v.* Ballard.

It appears from the affidavits read upon the present motion, that after the bail had been duly excepted to, a notice of justification before the county judge of Erie county was given, as required by section 193 of the Code, but that at the time specified in the notice the bail did not appear to justify; nor did the attorney of the respondent, or any one else in his behalf, attend for the purpose of examining them. No further steps have been taken by either party with a view to a justification. What, then, under these circumstances, is the position of the appeal?

It is apparent from the language of section 195, as above given, that it is not the duty of the judge or justice before whom the justification is to be had to administer any other oath to the bail, or to enter upon any examination as to their sufficiency, unless required so to do by the respondent, or some one in his behalf. The words are permissive merely: "*may be* examined on oath," &c. To avail himself of the provision, therefore, the respondent, or his attorney, must be in attendance before the judge when the bail appear, or he must necessarily lose the benefit of his exception. It is plain, then, that if the bail in this case had actually presented themselves for examination before the judge at the time and place specified in the notice, the failure of the respondent to attend, either in person or by attorney, would have been considered as a waiver of his exception. Is it any the less so now, although the sureties did not attend? The presumption of waiver arises solely from the conduct of the respondent in omitting to appear before the judge. Neither the attendance or non-attendance of the sureties can add to or diminish the force of that presumption. The inference is drawn exclusively from the voluntary omission of the respondent to do that without which he could have no benefit from his exception. A partial justification is required from the bail in the outset. Section 341 provides that the undertaking "shall be of no effect, unless it be accompanied by the affidavit of the sureties that they are each worth double

the amount specified therein." Hence the presumption in the first instance is in favor of the sufficiency of the sureties; and if the respondent, whose duty it is to be the actor in the proceedings before the judge, fails to attend, this presumption must of course prevail.

For these reasons the motion should, I think, be denied with $10 costs.

All the judges concurring,

Motion denied.