## GOPSILL *vs.* DECKER & MILLER.

An exception to the sufficiency of the sureties in an undertaking given upon an appeal to the Court of Appeals having been taken, notice of justification was duly given. One of the sureties was approved, and the other not being considered sufficient, an adjournment was had, to give the appellants time to give additional surety. The attorneys then agreed that both the persons offered should be taken as sureties, the appellants' attorney promising to have it "so marked by the court." This was not done; but the appeal proceeded as if it had been, and was heard and decided in favor of the respondent. In an action upon the undertaking; *held*, that the sureties could not

raise the objection that one of them failed to justify, and that the approval of the sureties, on justification, was not made, nor the allowance indorsed on the undertaking, as contemplated by section 196 of the Code.

APPEAL, by the defendants, from an order granting a new trial.

*Hatch & Van Allen,* for the appellants.

*E. A. Doolittle,* for the respondent.

*By the Court,* BRADY, J. The defendants signed an undertaking on behalf of Joseph K. Heath to enable him to have a decision of the General Term of this district reviewed by the Court of Appeals, which was made against him in an action wherein the plaintiff herein was also plaintiff and Heath was the defendant. After the undertaking had been executed, and in due time, the plaintiff excepted to the sufficiency of Decker & Miller as sureties, and notice of justification was duly given. The defendant Miller was examined, and approved by the plaintiff's counsel. The defendant Decker was also examined, but was not then considered sufficient, it would seem, and an adjournment was had "to give the defendants' attorneys time to give additional surety." Subsequently, however, the attorneys for the parties respectively agreed that the defendants should be taken as sureties. This was done at the special request of one of the defendants' attorneys, who promised to have it " so marked by the court;" which was not done. The appeal, nevertheless, proceeded as if it had been done, and was heard and decided in favor of the respondent.

The defendants on the trial of this action, which is predicated of the undertaking signed by them, now object that the defendant Decker failed to justify, and that the approval of the sureties on justification was not made, or the allowance indorsed on the undertaking, as con-

Gopsill *v.* Decker.

templated by section 196 of the Code of Procedure. There are several answers to these objections.

The first is, and it is stated with regret, that the objections show a want of good faith. The surety who was supposed to be insufficient was accepted at the special request of one of the attorneys for the defendant Heath, and he promised to have the indorsement referred to made. This court would not permit, except in an extreme case which cannot well be conjectured, any such objections to prevail, under the circumstances disclosed. To give them force would be to permit the defendants to take advantage of their own wrong.

Again ; the surety was not rejected by the court, or declared to be insufficient. There is no evidence of such an incident. The justification seems to have been conducted by the attorneys for the respective parties without any intervention of the court. They met and adjourned by agreement in writing, and the obligation to give another surety was waived and the defendant Decker accepted by agreement in writing.

This amounted to a waiver of the justification which the plaintiff's attorney had a legal right to accomplish, if he chose so to do. It was an act for the benefit of the defendant Heath, in whose behalf the sureties appeared and executed the undertaking. A waiver will result even from a failure of the respondent to attend the justification, although the sureties also fail to attend. (*Ballard* v. *Ballard*, 18 *N. Y.*, 491.) The party excepting is the actor 'in the proceeding, and no step is necessary to be taken, except on his requisition. The indorsement of the allowance was therefore unnecessary. (*Id.*) If the sureties, or one of them, failed to justify and the appeal fell through, they would not be liable, (*Ward* v. *Syme*, 4 *Comst.*, 171 ;) although that ·rule is an innovation upon that which formerly prevailed, and by which the bail were bound, notwithstanding they failed to justify, unless on their motion their names

were stricken out or an exoneretur as to them entered. (*Id.*) In this case it appears that the appeal of the defendant Heath, as already stated, was not superseded or arrested. He had the advantage of it on the faith of the undertaking executed by the defendants.

Whether, therefore, we consider the facts narrated in the light of a waiver, or as creating a legal necessity, the appeal herein is unavailing, and the order granting a new trial should be affirmed. The dismissal of the plaintiff's complaint was an error which the order granting a new trial corrected. If the question were whether, in order to relieve the sheriff of the responsibility assumed by taking bail, it was necessary to have an indorsement on the undertaking required by section 196, the result of this appeal would, doubtless, be different.

The adjudications relating to that subject, however, have no application here. The order should be affirmed, with $10 costs and disbursements.(*a*)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels,* Justices.]

(*a*) *S. C.,* briefly reported, 4 *Hun,* 625.