FRANCIS R. LEWIS, Respondent, *v.* J. L. STEVENS, Appellant.

Where a sheriff has been discharged from liability under an order of arrest by the justification and allowance of bail as prescribed by the Code of Civil Procedure (§§ 580, 581), the court has no power to renew his liability.

Where, therefore, a notice of justification was duly served, and plaintiff not appearing, the bail was approved by default, *held,* that the court had no power to open the default.

(Submitted June 5, 1883 ; decided June 12, 1883.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made December 14, 1882, which reversed an order of Special Term denying a motion on the part of plaintiff, to open his default upon the justification of bail and to set aside the approval of the bail bond.

An order of arrest was issued to the sheriff of the county of New York, under which defendant was arrested and held to bail. A copy of the bail bond was served on plaintiff's attorney, who served notice of exception. Due notice of justification of bail was given, and on the day specified no one appearing for plaintiff, the bonds and securities were approved by defendant and the bond filed as prescribed by the Code.

*Malcolm Graham* and *A. J. Dittenhoefer* for appellant. There is no power in the court to open plaintiff's default. (Code, § 580; Petersdorff on Bail, 318; *Butler's Bail,* 1

Chitty, 83; *Ballard* v. *Ballard,* 18 N. Y. 491.) The sheriff is out of court. (Code, §§ 587, 589; *Weiser* v. *Torners,* 16 Hun, 349; 76 N. Y. 601; *Zimm* v. *Ritterman,* 5 Rob. 618; *Arteaga* v. *Conner,* 88 N. Y. 403.)

*Henry D. Hotchkiss* for respondent. The court had power to open the allowance of the bail without regard to the sheriff. (*Gould* v. *Berry,* 1 Chitty, 143; *Brown* v. *Gillies,* id. 372; Rule 12, Supreme Court, 1848.) After bail had been given, the sheriff could not have taken defendant into custody until the bail had failed to justify. (*Arteaga* v. *Conner,* 88 N. Y. 403.)

Ruger, Ch. J. This is an appeal from an order of the General Term reversing an order of the Special Term denying a motion to open a default, taken upon a hearing for the justification of bail upon an arrest in the action.

The defendant and sheriff each had notice of the motion. Each appeared in opposition thereto and each appeals from the decision of the General Term.

It is provided by section 580 of the Code of Civil Procedure that for the purpose of justification each of the bail must attend before the judge at the time and place mentioned in the notice, and be examined on oath touching his sufficiency. It is further provided that the judge may adjourn the examination from day to day in his discretion until it is completed, but such adjournment is required to be to the next judicial day unless by consent another day is agreed upon.

Section 581 provides, "If the judge finds the bail sufficient he must annex the examination to the undertaking, indorse his allowance thereon and cause them to be filed with the clerk. The sheriff is thereupon exonerated from liability."

The allowance of bail by the judge in this case was made upon regular notice, and all of the proceedings relating thereto were regularly taken in conformity with the Code. The contingency had occurred upon which the statute declares the sheriff discharged from liability. We do not think that any power

exists in the court to renew his liability. (*Ballard* v. *Ballard*, 18 N. Y. 491 ; *Butler's Bail*, 1 Chitty R. 83 ; Petersdorff on Bail, 318 ; *Trumbull* v. *Healy*, 21 Wend. 670 ; *Cornell* v. *Reynolds*, 1 Cow. 241.) The question involved is one of power, and the court have no right to speculate as to the effect of the order.

The sheriff has once been legally discharged from his liability and he cannot be reinstated as a surety, except by his consent or express statutory authority. We believe that none such exists.

When the court have power to relieve a party from the consequences of a default it is a question of discretion in the courts below as to whether they will do so or not. The circumstances existing in this case would very well justify the action of the court were this a proper case for the exercise of such power. The sheriff occupies the position of a surety and his rights are *strictisimi juris*, being once discharged from his liability it cannot be revived against his objection.

We think the order of the General Term should be reversed, and that of the Special Term affirmed.

All concur

Ordered accordingly.