Clegg agt. Cramer *et al.*

---

## SUPREME COURT.

### CLEGG agt. CRAMER et al.

*Corporation — Complaint — In actions by or against corporations what must be averred — Code of Civil Procedure, section* 1775.

In an action against certain corporations where it was averred that the plaintiff is informed and believes that the said last named defendants respectively, except the said defendant the New York Newspaper Union were and are foreign corporations, companies or associations, &c., but did not state under the laws of what state, country or government the said defendant was created. On demurrer;

*Held*, that the complaint was bad as not stating the facts required to be

stated by section 1775 of the Code of Civil Procedure, and that as it appeared by the complaint that certain defendants were foreign corporations the objection could be taken by demurrer.

*Special Term, January,* 1886.

LAWRENCE, *J.*—Section 1775 of the Code provides that in an action brought by or against a corporation, the complaint must aver that the plaintiff or the defendant, as the case may be, is a corporation; must state whether it is a domestic corporation or a foreign corporation; and if the latter, the state, country or government by or under whose laws it was created. In this case it is averred that the plaintiff is informed and believes that the said last named defendants respectively, except the said defendant the New York Newspaper Union, were and are foreign corporations, companies or associations, &c. It is not stated under the laws of what state, country or government the said defendant was created. I am of the opinion that the demurrer is well taken. The language of the Code is imperative that the complaint must state, &c. Confessedly the complaint does not contain certain facts which the Code says must be stated. The precise point involved in this case was decided by J. F. DALY, J., in *Baker* agt. *Star Printing and Publishing Co.* (3 *Law Bul.*, 29). The case of *Fox* agt. *Erie Preserving Co.* (93 *N. Y.*, 57) is not in point, for the reason that the corporate character of the defendant had nothing to do with the cause of action, and the section of the Code invoked in this case was not the subject of consideration there. In the case of the *Irving National Bank* agt. *Corbett* (10 *Abb.* [*N. C.*], 86), the demurrer was held not to be good, because it did not appear upon the face of the complaint that the plaintiff was a corporation, and the learned justice who decided that case expressly states in his opinion that it could not be assumed in support of the demurrer that the plaintiff was a corporation, and that if such was the fact the objection should have been taken by answer. In this case, as we have already seen, it does appear that the defendant,

the Chicago Newspaper Union, is a foreign corporation, and the objection that the complaint does not state the other facts required to be stated by section 1775 of the Code can therefore be taken by demurrer. There must be judgment for the defendant upon the demurrer, with leave to the plaintiff to amend upon payment of costs.