RICHARD T. SPELLMAN, Appellant, v. ELIZABETH L. SPELLMAN, Respondent.

Third Department, November 15, 1922.

**Replevin — order approving undertaking for return of goods provided that sheriff be discharged from all and any further liability arising from delivery of goods to defendant — said provision not improper and will not be struck out.**

A provision in an order in a replevin action approving the undertaking of the defendant on a demand for a return of the chattels that " the sheriff of Ulster county is hereby exonerated from all and any further liability by reason of his delivery of the replevined chattels to the defendant," will not be struck out on motion by the plaintiff, where no appeal was taken from the order and the defendant fully complied with section 1703 of the Code of Civil Procedure (now Civil Practice Act, § 1102), for said provision of the order contains nothing more than is required by section 581 of the Code of Civil Procedure (now Civil Practice Act, § 855).

APPEAL by the plaintiff, Richard T. Spellman, from an order of the County Court of the county of Ulster, made on the 21st day of March, 1921, denying plaintiff's motion to modify an order of a former county judge of said county dated the 8th day of December, 1917.

*Newton H. Fessenden* [*Henry D. Merchant* and *A. Merchant, Jr.*, of counsel], for the appellant.

*George F. Kaufman* [*John W. Eckert* of counsel], for the respondent.

VAN KIRK, J.:

The action is in replevin brought by a husband against his wife to recover possession of certain household goods and furnishings. The action was begun and the goods taken by the sheriff on November 30, 1917. The defendant immediately filed an affidavit and gave an undertaking, demanding a return of the chattels. On the 3d day of December, 1917, she served notice of justification of sureties on the undertaking. On December 8, 1917, the sureties justified before the county judge, who made an order that the foregoing " undertaking be and the same hereby is in all respects approved and allowed; and the sheriff of Ulster county is hereby exonerated from all and any further liability by reason of his delivery of the replevined chattels to the defendant." No appeal was ever taken from this order, but on December 31, 1918, the plaintiff noticed a motion to strike from this order of the county judge the words: " And the sheriff of Ulster county is hereby exonerated from all and any further liability by reason of his

delivery of the replevined chattels to the defendant," and on March 21, 1921, the order denying this motion from which the appeal was taken was made. The Code of Civil Procedure contains the directions controlling the parties and the sheriff in a replevin action. By section 1702 the sheriff who has replevied a chattel " must retain it in his possession, keeping it in a secure place, until the person, who is entitled to the possession thereof, is ascertained, as prescribed in this article." By section 1703 he has to retain the property for three days, within which time the defendant, as required by section 1704, shall elect whether or not he would demand the return of the chattel. If he does demand return, he must serve a notice upon the sheriff, with an affidavit and undertaking, and within three days after service of the notice must give to plaintiff's attorney a notice of justification of the sureties. The defendant in this case complied with these requirements. Section 1706 provides: " If the defendant, after he has required the return of the chattel, duly procures the allowance of his undertaking, the sheriff must immediately deliver the chattel to the defendant. When the chattel is delivered by the sheriff to either party, as prescribed in this section, the sheriff ceases to be responsible for the sufficiency of the sureties of either party; until then, he is responsible for the sufficiency of the sureties of the plaintiff or of the defendant, as the case may be." Section 1707 provides: " A sheriff, who delivers to either party, without the consent of the other, a chattel replevied by him, except as prescribed in the last section, * * * forfeits, to the party aggrieved, two hundred and fifty dollars, and is also liable to him for all damages which he sustains thereby."

The plaintiff has brought an action against the sheriff to recover the penalty and damages under the latter section of the Code and the defendant has pleaded in answer the order of the county judge appealed from, in which facts appear the reason for the motion by plaintiff to modify the order. The defendant in this action has complied with the provisions of the Code and the sureties upon her bond have justified. The penalty is given to the party aggrieved where the goods are delivered otherwise than as prescribed in the last section (§ 1706), which provides that the sheriff is responsible for the sufficiency of the sureties of the plaintiff or of the defendant, as the case may be. The sufficiency of those sureties is established, and the plaintiff is not aggrieved because of any loss or prejudice which has come to him by reason of the delivery of the chattels to the defendant by the sheriff. The penalty is not imposed because the sheriff may mistakenly have delivered the goods before the sureties have justified. His responsibility rests upon the sufficiency of the sureties. If he

People ex rel. Heyden C. Co. of America, Inc., v. Law. **375**

App. Div. 375]        Third Department, November, 1922.

delivers the goods before the sureties have justified he makes himself responsible for any damages suffered by the other party and for the penalty fixed by the statute. Otherwise he is not liable. (*Graham* v. *Wells*, 18 How. Pr. 376.) In *Lewis* v. *Stevens* (93 N. Y. 57) it was held that, after a sheriff has been discharged from liability by the justification and allowance of bail upon notice, as prescribed by section 581 of the Code of Civil Procedure, the court cannot renew or revive his liability by opening the default on which the justification was taken, and allowing a new examination. The order appealed from contained the provision of section 581 of the Code of Civil Procedure, as follows: " If the judge finds the bail sufficient, he must annex the examination to the undertaking, indorse his allowance thereon, and cause them to be filed with the clerk. The sheriff is thereupon exonerated from liability." These provisions are made applicable to this case by section 1705 of said Code. The order, therefore, provides nothing further than the Code declares. The foregoing sections of the Code are now in sections 1101, 1102, 1103, 1105, 1106, 855 and 1104 of the Civil Practice Act.

The sheriff is not a party to this action or to this appeal, and no appeal has ever been taken from the order of December 8, 1917. The order appealed from should, therefore, be affirmed, with costs.

Present — H. T. Kellogg, Acting P. J., Kiley, Van Kirk, Hinman and Hasbrouck, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.