Duer, J.
It is a sufficient reason for denying this motion that the plaintiffs, in the affidavits which they were required to make to obtain a delivery (Code, § 207, sub. 1-6), have sworn that the entry has a certain value; and I apprehend that I have no right now to say that this allegation is erroneous or false. It is true that the paper has no value upon its face, and, apparently, can be of no use to any person holding its possession; but I am by no means certain that this defect may not be sup-, plied by evidence upon the trial. I cannot say that it may not, and will not, be proved, that an original warehouse entry is, by the usage of merchants, an evidence of title, 'the possession of which is indispensable to enable the importer to dispose^ of his goods, so long as, the duties being unpaid, they remain in a ' public store; and it may be, that it is only upon the production of this entry, and only to its possessor, that the goods are ever delivered from the warehouse. These suppositions are not excluded by the mere fact that the entry is not signed, since there may be other means of ascertaining its identity and genuineness, of which the counsel and myself are now ignorant. *599 At any rate, the question whether • extrinsic proof may he admitted to show the value of the entry, is regarded by me as a doubtful question of law, which can only be properly raised and decided upon a demurrer. There can be no difficulty in raising the question in that form, since the entry, as a copy is annexed and is referred to, may well be considered as a part of the complaint. At present it is enough to say, that, if the document to which the suit relates has no value, the defendant cannot be prejudiced by its delivery; while the plaintiffs, if it has the value they allege, may sustain an irreparable loss, if their proceedings are now set aside.
I do not understand it to be' denied, that, if the character and value of a warehouse-entry are such, as I have supposed they may be, its delivery may properly be claimed in an action like the present. It is settled, that a bill of exchange and of lading, and a certificate of stock, may be replevied, and between them and an entry, which is a transferable evidence of title, it seems to me no tangible distinction can be stated.
The motion is denied, .but without costs. I cannot say that it ought not to have been made,* •

 This decision was approved of, upon consultation, by all the judges.