## THE HARTFORD QUARRY COMPANY *a.* PENDLE-TON.

*New York Common Pleas ; General Term, January*, 1857.

FOREIGN CORPORATION.—SECURITY FOR COSTS.—DELAY.—NEW SECURITY.

What is sufficient notice of exception on the part of defendant to security for costs put in by plaintiff.

Where in a suit by a foreign corporation the plaintiffs have once put in the security for costs required by statute, they cannot be ordered to file new security, although the sureties on the original undertaking become insolvent.

Appeal from an order of the special term, denying a motion made by defendant to require plaintiffs (a foreign corporation) to file new security for costs.

This action was brought by the Hartford County Quarry Company, a Connecticut Corporation, against John Pendleton.

Before answer the defendant noticed a motion to require the plaintiff to file security for costs. The plaintiffs served a copy of a bond proposed to be given by them, executed by two sureties. The defendant's attorneys in return served upon the plaintiffs' attorneys a notice dated September 28, 1854, in these words :

GENTS :—Take notice that we do not accept the bail put in by the plaintiffs in this action.

The action was brought on for trial, and a verdict rendered for plaintiffs ; but a new trial was granted. Thereafter the defendant moved, on an order to show cause, returnable November 26, 1856, upwards of two years after the security had been put in, for an order requiring plaintiffs to file new security. The moving affidavits showed that since the commencement of the action the plaintiffs' corporation had become insolvent, and that since the execution of the bond one of the sureties had become insolvent, and had removed from the State, and that the other surety was insolvent.

This motion was denied at special term, the following opinion being rendered.

BRADY, J.—A foreign corporation may, upon giving security for costs, prosecute in the courts of this State in the same manner as corporations created under the laws of this State (2 *Rev. Stats.*, 4 *ed.*, 698); and if they omit to give security on a prosecution their proceeding is irregular, but will be cured by their complying with the statute in that respect (The Bank of Michigan *v.* Jessup, 19 *Wend.*, 10).

If the present motion was a motion to compel the plaintiffs to file security for costs because they are a foreign corporation, and the motion presented that question alone, I think it should be granted, on the ground that the proceedings of the plaintiffs were irregular, without reference to the delay of the application. But the motion is predicated on the alleged insolvency of the obligors to the bond which was filed for security, and not on the ground that no security was filed. And this would seem to concede that security had in fact been given, although the defendant alleges that there was in truth no security, because the obligors failed to justify after an exception to their sufficiency. If the latter proposition be correct, then the application should have been for security founded on the fact that the plaintiffs are a foreign corporation, and cannot proceed in our courts unless security for costs be given, and that would render any allusion to the qualifications of the obligors already in unnecessary. The plaintiff might answer that security had been given, and the alleged omission of the sureties to justify would be a proper subject of consideration. On this motion it is not, because there is no provision in the statute requiring a *new* bond under any circumstances, and the court has no power to order it. For the reasons assigned, without reference to preliminary objections urged on the hearing, the motion must be denied, with $10 costs to abide the event.

From this decision the defendant now appealed.

*B. C. Thayer*, for the appellant.

*Charles F. Sandford*, for the respondents.—I. Foreign corporations may sue, upon giving security for costs, in the same manner as corporations created under the laws of this State (2 *Rev. Stats.*, 4 *ed.*, 698). The security was given, as required by statute, and the right to sue was thus obtained. The defendant

appeared in the action; and thus, also, the court acquired jurisdiction.

II. The defendant's notice of exception (so called) was a nullity, and was properly disregarded.

III. Conceding, however, that it was a proper and legal notice of exception, the action of the plaintiffs' attorneys was not *irregular*, as suggested in the opinion of Judge Brady, in neglecting to have the sureties justify; at least, not irregular in such a sense as to avoid their subsequent proceedings, since it was optional with the defendant's attorneys to have stayed their proceedings by order, till such justification should be made. They were not *ipso facto* stayed, by the notice of exception. The failure to justify did not, therefore, warrant the defendant to assert "that there was no security in point of fact," as was intimated in Judge Brady's opinion at special term (2 *Rev. Stats.*, 4 *ed.*, 822, § 3).

IV. If the plaintiffs *were* irregular in their subsequent proceedings, the irregularity was waived by the defendant, in actually going to trial and permitting judgment to be entered against him, without objection on this ground (Florence *v.* Bulkley, 1 *Duer*, 705).

V. The motion certainly should not be granted on the eve of a second trial conceded as a matter of favor, and in the face of a judgment and execution expressly ordered to stand as security for the plaintiff; the object of the motion being, obviously, delay.

By the Court.—Ingraham, F. J.—The plaintiffs filed security for costs pursuant to the statute. The defendant served upon plaintiffs' attorney a notice that they did not accept the bail put in by the plaintiffs. No justification afterwards took place, and no order to stay proceedings was obtained. Both parties proceeded in the cause, a trial has been had and a new trial granted. The defendant now moves for an order that plaintiffs file new security for costs.

The delay of the defendant in moving for security, conceding that the notice was equivalent to an exception, was such as to render it improper to grant this motion. If the exception was good, then there was no bond filed, and the defendant, by his delay, must therefore be considered as having waived his right to it.

The notice was not, however, such an exception as is required by the statute, and the bond still remained as executed. The acts of both parties show that they so treated it.

The motion now made was for *new security*. I have heretofore expressed the opinion in this case that no new bond can be ordered by the court, even if the sureties become insolvent. I see no reason to change that opinion. The foreign corporation obtains a right to sue on filing the security. That right is not affected by any subsequent failure of the sureties. The statute makes no such provision, and I do not think the court has the power to do so independent of the statutes. Besides, it is not usual, after a trial and verdict for the plaintiff, to grant such a motion. If security is necessary, it should be asked for in proper season; and it is the invariable practice of the court, where an order to stay is granted with such a motion, when the cause is about being reached, to vacate such stay for the reason above mentioned, viz., delay in making the motion.

The motion was properly disposed of at the special term, and the order appealed from should be affirmed, without costs.

---

## LEE a. AINSLIE.

*New York Common Pleas ; General Term, January*, 1857.

FRIVOLOUS DEMURRER.—APPEAL.—ORDERS.—JUDGMENT.

Appeal may be taken to the general term from an order of the special term giving judgment on a demurrer as frivolous, as from an *order*, and without waiting for judgment to be perfected.

In an action against maker and endorser of a promissory note, the complaint contained an averment that the note " for value received lawfully came to the possession of these plaintiffs."

*Held*, that this was a sufficient averment of title to the note in the plaintiff.

Appeal from an order granting judgment upon a demurrer to a complaint, as frivolous.

This action was brought by James Lee and Benjamin C. Lee,