Willett agt. Stringer and others.

# SUPERIOR COURT.

## CHARLES S. WILLETT agt. JAMES STRINGER and others.

When upon an *appeal* an *undertaking* has been given fully complying with the statute, and the appeal is perfected, the appellant does not remain responsible for the consequences of misfortune and *insolvency of his sureties.*

But there is a substantial distinction between the case of an *injunction*, and that of an appeal. In case of injunction, if the protection, by the security substituted, should become entirely lost, as by insolvency of all the obligors, the right to the injunction would be restored; and if it is partially diminished, the question remains open, as it was originally, what will afford the party reasonable indemnity.

It is a question of judicial discretion, whether to allow a bond given on a claim of personal property, or for an injunction, to remain, where one surety has become insolvent, and the remaining surety solvent, or direct that fresh security be given.

*At Chambers, October* 1, 1857.

MOTION that a surety be added to the undertaking given in this cause, or a new undertaking be given to the plaintiff, with additional surety.

L. S. CHATFIELD, *for plaintiff.*
JOHN VAN VLECK, *for defendant.*

Willett agt. Stringer and others.

HOFFMAN, Justice. The plaintiff claimed upon a chattel mortgage for about $6,000. The defendants Stringer & Townsend are in possession of the mortgaged property, (printing presses, &c.) One other defendant claiming upon a mortgage of a previous date for $2,000, and another mortgage of a subsequent date is mentioned as in existence for $6,000, and that steps have been taken upon it, but the mortgagee is not a party to this action. The whole value of the property is $10,000.

On the 3d of April, 1857, an order was made that the defendants Stringer & Townsend execute to the plaintiff, a bond, with two sureties to be approved by one of the justices of the court, in a certain penalty, conditioned that they would pay to the plaintiff such sum as should be adjudged due upon the mortgage to the plaintiff, out of the said sum of $10,000, the value of the property, and after deducting all prior liens, which might be established, with interest; that upon the execution and delivery of such undertaking, the injunction order should be discharged; but in default thereof, it should be continued as originally granted.

The said defendants were, however, enjoined from assigning, selling or incumbering, or parting with the property.

The bond was duly executed and approved. It now appears that one of the sureties has become insolvent, which is the ground of the present application.

In the case of *Bettshoven* agt. *Wheaton*, special term, December, 1854, I held, with the concurrence of three justices, that when upon an appeal an undertaking had been given fully complying with the statute, and the appeal was perfected, the appellant did not remain responsible for the consequences of misfortune and insolvency of his sureties. But it was noticed as of considerable weight, that appeals, both under the civil law, and in the court of chancery, were at first matters of absolute right. The restrictions as to security, &c., have been made by statute or rule.

The case of *Bridges* agt. *Camfield*, (2 *Edw. Rep.* 208,) was referred to, in which Vice-Chancellor McCOUN held, that

where security for costs had been given, and a surety became insolvent, the party might be compelled to add a new one.

In the case of *The Hartford Quarry Co.* agt. *Pendleton,* (4 *Abbott's Rep.* 460,) Justice INGRAHAM decided that even in such a case, a new security would not be required.

It is obvious that there is a substantial distinction between the case of an injunction, and that of an appeal. In the former, the court, as in this instance, finds the party apparently entitled to the remedy, but in its discretion, substitutes the security as sufficiently protecting the party; and because of the great inconveniences resulting from breaking up the business of the other party, when, perhaps, it may result that the injunction ought not to have been allowed. If the protection by the security thus substituted, should become entirely lost, as by insolvency of all the obligors, certainly the right to the injunction would be restored. And if it is partially diminished, the question remains open, as it was originally, what will afford the party reasonable indemnity? If the court think that the bond without the present insolvent surety would have sufficed, it may treat it as now sufficient, the chance remaining of his future solvency. If otherwise, fresh security may be exacted. Other circumstances may influence the determination. It becomes thus a question of judicial discretion in each instance.

It is shown by the opposing affidavits that one of the sureties given by the plaintiff on obtaining the injunction, is insolvent. I should, in no event, grant the present application without extending a similar rule to this bond. Upon all the facts stated, I do not deem it necessary to make any orders.