Savery v. Hays.

---

SAVERY v. HAYS.

1. Replevin: PROMISSORY NOTE. The maker of a promissory note which has been paid off, may bring and sustain an action of replevin to recover the possession thereof.

*Appeal from Polk District Court.*

FRIDAY, JANUARY 26.

REPLEVIN. FOR PROMISSORY NOTE. — The petition was filed February 2d, 1861, by Savery, who therein claims of the defendant, Hays, the possession of the following promissory note:

"FORT DES MOINES, May 17, 1859.,
"One year after date, I promise to pay to the order of "John P. Minor eleven hundred and two dollars, with "interest, at ten per cent., after maturity.
"(Signed.)                    J. C. SAVERY."

"The plaintiff states," so continues the petition, "that "the apparent value of said note is the amount for which "it is drawn, with interest; but the actual value is five "hundred dollars, as near as can now be stated. The "plaintiff states this sum, because the same is held by the "defendant, as sheriff, by virtue of a writ of attachment "and execution against one J. Lyon for about that amount, "and he states, that it would be worth that sum in the "hands of a purchaser, before due for value; though "the plaintiff avers, that said note has been canceled and "could be of no value, except as above stated; so he states "the value to be $500, as in compliance with the law in "this particular."

The plaintiff, then alleges that he is the absolute owner of the note; that he gave it to Minor (the payee) at the request of the said J. Lyon; that Minor assigned the same to Lyon; that it was attached by the defendant, as the property of Lyon; that the consideration had wholly failed; that it was executed upon a condition never complied with; and that it was by the said Lyon, *before its*

*attachment, agreed to be delivered up;* that defendant has refused to deliver it up, &c. The plaintiff asks for five cents damages for the unlawful detention of the note, and a writ of replevin and judgment. He executed a bond to the defendant in the penal sum of $1,000.

The writ of attachment on which the note replevied was seized, was issued in favor of one Haviland, and against the property of the said J. Lyon, and upon a claim for the sum of $485. The attachment was levied on the note in question, November 2, 1859, a date, it will be perceived, prior to the maturity of the note.

A demurrer to the petition being sustained, the plaintiff excepted, and appeals.

*S. Sibley* for the plaintiff.

*Withrow & Smith* for the defendant.

DILLON, J. — On the demurrer to the petition the District Court held, in the plaintiff's favor, that the petition **1. REPLEV-** showed that the plaintiff was entitled to the pos-**IN: promis-** session of the note; but it also held, against the **sory note.** plaintiff, that the petition did not set out the actual value of the property replevied; that the same, on the plaintiff's own showing, had no value, and was not a subject of replevin. From these rulings against him the plaintiff appeals, and their correctness is the question presented for determination.

The decision of the District Court was erroneous.

Under our statute (Rev., ch. 142) replevin will lie for any personal property to which the plaintiff has the "right to the present possession." It is the only remedy given at law for the recovery of such property *in specie*, and should have a liberal construction. Lyon, the holder of the note in question, had, prior to Haviland's attach-

ment against him, agreed with the plaintiff (the maker) *to surrender it to him*. The plaintiff, as between him and Lyon, was entitled to its possession. What good reason can be given why, on Lyon's refusal to surrender it, the plaintiff should not have a right to acquire its possession? Suppose Lyon had, on its being paid, once surrendered it to the plaintiff, and had afterwards, without plaintiff's consent, in some manner repossessed himself of it, ought not the plaintiff to have his action to reacquire the possession?

And in essence and substance the case is not different where the maker has paid the note to the holder and the latter has promised to deliver it up and refuses. When a note is paid, no one will dispute that the party who has paid it is entitled to its possession. It is his best evidence of payment. So long as it is outstanding, there is no absolute security that the maker may not again be compelled to pay it, or at least be annoyed with an action to recover it. He may be sued on it when his evidence of payment is lost or his witness dead. It may be preferred as a claim against his estate when he himself has deceased. These considerations make it manifest that the possession of the note is important, and the right to the possession, such a right as the law ought to protect and enforce. Why, then, we again inquire, should replevin not lie in such a case? If it does not, the party is remediless or is driven to a petition in chancery. Why compel the party to pursue the latter course if he prefers the former? But the objector says, "replevin is inappropriate, because a paid note has *no value*, and the statute requires the petition in replevin to state the *actual value* of the property."

The foregoing observations show, that a note, though paid, has a value to the maker. And where it is thus paid, and the plaintiff, as against the defendant, is entitled to the possession, it is enough to state a nominal money value.

The petition must state the alleged cause of detention, and the bond should be twice the apparent value of the note, or at least sufficient in amount to protect the interest which the defendant claims, or is averred to claim, in the note. And such was the bond in this case. If it is shown to the court that the plaintiff has given a bond insufficient in amount to protect the defendant, the court can order an additional one.

In the case at bar, the note had been levied on by the sheriff as the property of Lyon. Prior to a sale on execution, the attachment plaintiff would stand in Lyon's shoes. At the time of this levy, the note was not due and was apparently valid. If the plaintiff had laid idle, and without notice, allowed the note to be sold on execution before its maturity, and it had passed into the hands of a *bona fide* purchaser (Rev., §§ 3272, 3322), he would be liable to him thereon. This furnishes an additional reason why this action should be sustained. When we add to these considerations, that by our statute (Rev., ch. 142) replevin lies for all interests in personal property where there is a present right of possession, and that "personal property" includes (Rev., § 29, subdiv. 9) "money, goods, *chattels, evidences of debt, and things in action,*" the propriety of the action, in a case like the one before us, is placed beyond all reasonable doubt.

· The objection that the note, though apparently valid, was paid, and therefore had no *value,* ought to have as much force, in answer to a bill in chancery, seeking its surrender, as in the more direct action at law, for the specific recovery of its possession. And yet a court of equity would, under such circumstances, decree the instrument to be delivered up and canceled. (Story Eq. Juris., §§ 698 to 705, where the head of equity jurisdiction is well treated.) And though replevin will, in many cases, lie (Id., § 704), yet, especially if the property cannot be found,

a bill in equity may still be necessary, and will be sustainable as formerly.

This will be apparent when we consider that if the property be not found, damages at law will not be applicable, or afford the party adequate redress. Upon principle and reason, and a fair construction of our statute, our opinion is, that the present action was well brought. We are aware that the decisions in other States, as to the question, whether a paid note is repleviable, are not uniform, but we believe the weight of authority to be in favor of the action. *Buck* v. *Kent,* 3 Verm., 99; Story Eq., § 703; *Kuehue* v. *Williams,* 1 Duer, 597; *Coursey* v. *Curtis,* 18 Geo., 237; *Southern Plank Road Company* v. *Hixon,* 5 Ind., 165; *Sawyer* v. *Baldwin,* 11 Pick., 492; *First Parish* v. *Stearns,* 21 Id., 148; but see *Todd* v. *Crookshanks,* 3 Johns., 432.

As the judgment must be reversed, it is unnecessary to notice the other errors assigned by the plaintiff respecting the proceedings subsequent to the ruling on the demurrer.

Reversed.