## NEW YORK COMMON PLEAS.

### Augustus L. Nosser agt. William S. Corwin, *et. al.*

In an action of *claim and delivery* of personal property, where the property is re-
stored to the plaintiff and accepted by him, although he claims costs of the
action, before the actual commencement of the action by the service of pro-
cess, although the same with an undertaking were in the hands of the sheriff for
service at the time, the action cannot be maintained. (*Following the decision in
the case of Christie* agt. *Corbett,* 34 *How., Pr. R.,* 19.)

The *approval of the undertaking* by the sheriff is not the allowance of a *provisional
remedy,* so as to give the court jurisdiction of the action under § 139 of the
Code.

The court cannot by *amendment* under § 173 of the Code, conform the pleadings
to the facts proved, establishing the right of the plaintiff to damages, where
the amendment would substantially change the claim upon which the action is
founded.

*Special Term, March* 13, 1869.

THIS was an action of replevin brought by plaintiff to
recover possession of certain property.

It appeared that after the delivery of the process to the
sheriff, but before the taking of the property, the same was
offered to the plaintiff, who refused to receive the same, un-
less the costs were paid.

The jury found a special verdict, as follows, viz :

1st Question.   Was the wine taken on attachment against
Charles Schals, delivered to plaintiff by the defendant be-
fore the latter was served with process?

Answer.   Yes.

2d Question.   What was the value of property.

Answer.   $196 00.

3d Question.   Was the process delivered to the sheriff
on the 19th March, 1859.

Answer.   Yes.

The jury further found the damages of the plaintiff to be
six cents.

The question of judgment to be given therein was reserved.

HENRY BREWSTER, *for plaintiff.*
T. C. T. BUCKLEY, and JAS. K. HILL, *for defendants.*

BRADY, J.   This is an action of claim and delivery.   It appears that after the papers had been prepared and placed in the hands of the sheriff, including the necessary undertaking, which had been approved by him, but before the service of them upon the defendants, or either of them, the property was returned to the plaintiff and accepted by him He was not satisfied with the return of the property, having incurred expense in the employment of a lawyer to recover his goods, and said that he must be settled with, or paid the expenses, but he did not decline to receive the goods.

I entertain no doubt that actions of this character may be maintained against a person who, having had possession of property in law or in fact has wrongfully disposed of it prior to the commencment of the action.   Whatever conflict may have existed on that subject, it must be regarded now as settled upon authority, (*Van Neste* agt. *Conover,* 20 *Barb,,* 547; *Brockway* agt. *Burnap,* 16 *Barb.,* 309; *Nichols* agt. *Michael,* 23 *N. Y. R.,* 264; *Knapp* agt. *Smith,* 27 *N. Y. R.,* 281 *per* DENIO, J.. *p.* 281); but that rule of law will not avail the the plaintiff, upon the question which arises on the facts stated, viz : is he entitled to recover the costs of this controversy?   The defendants did not wrongfully part with the possession of the plaintiff's property.   It was restored to him by them, and before the commencement of the action. It was neither detained nor converted by them, nor was it in their possession, nor in that of their agent, bailee, vendee, or representative.   The possession, which is the basis of the action, was in the plaintiff himself, and his remedy, which was partially put in motion, was rendered unavailable by the defendants' return of the property.   He had a

right of action against the defendants for damages sustained by their detention of his property, and, in the proper form of action, could have recovered the expenses to which he was necessarily subjected in its recovery. The defendants having declined to restore the property to him on demand, justified the employment of counsel at once, and resort to the courts for redress. His claim of the right to possess, was acknowledged and satisfied, however, by the return of his property, and the gravamen of such an action as this destroyed. He accepted the possession, and that prevented his recourse to this form of action.

The precise question discussed was decided in *Christie agt. Corbett*, 34 *How. Pr. R.*, 19. It is insisted by the plaintiff, however, that the actual commencement of the action by service of the summons in conformity to § No. 99, was not necessary, inasmuch as the approval of the undertaking by the sheriff was an allowance of a provisienal remedy, from which time the court must be deemed to have acquired jurisdiction by virtue of § 139 of the Code. It is declared by that section that "from the time of the service of a summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings." It is quite apparent, however, that the legislature intended only to embrace the provisional remedies allowed by the order of the court in which the remedy was sought ; such as granting an injunction or attachment, which could not be obtained without the exercise of strictly judicial power. In such cases the court is acting upon a consideration of the case presented, and having thus exercised the power conferred, asserts its jurisdiction, so far at least as may be necessary to continue the proceedings set in motion. (*McCarthy agt. Peake*, 18 *How.*, 138 ; *Treadwell agt. Lawler*, 15 *How.*, 8 ; *Moore agt. Thayer*, 6 *Id* 47 ; *Burkhardt agt. Sanford*, 7 *Id.*, 331.)

The approval of the undertaking by the sheriff, as provided by § 209, is a ministerial act, and one for his protection. It is necessary, it is true, but the sheriff cannot arbitrarily refuse to approve the sureties, The remedy which is accomplished, is perfect without any allowance, either by the court, or judge, or sheriff, depending only upon the condition that sureties be given in conformity to the statute.

For these reasons, I think the plaintiff is not entitled to costs in this action, and that the defendants are entitled to recover their costs from him, and to judgment threfor upon the verdict rendered in this action, in which the plaintiff has failed to show that he was entitled to any relief.

The plaintiffs' right to recover damages being established, this court might, with great propriety, conform the pleadings to the facts proved, by amendment under § 173 of the Code, and thus grant him costs; but the amendment would substantially change the claim, and it cannnot, therefore, be allowed.