[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 271 
The facts stated in the complaint were all specifically admitted by the answer which also set up a release of the cause of action. The judge decided that the alleged defence was not valid, and directed a verdict for the plaintiff upon the facts thus admitted contained in the complaint, to which there was an exception. It is insisted that the attention of the court was not called to any defect in the complaint and that no such question can be urged here. The defect claimed is, that the complaint contains no allegation *Page 272 
that the sureties taken by the sheriff were insufficient, and that the facts stated, viz., that they were excepted to and failed to justify, do not establish such insufficiency. I think this point cannot be taken here. It was assumed that the facts stated constituted a cause of action. The defendant did not move for a nonsuit, but opened the case to the jury upon his special defence, and when that was held invalid the attention of the court was not called to the complaint, or to the facts stated therein. From the case it must be assumed that the defendant conceded the liability of the sheriff upon the facts stated. (18 N Y, 558-565.) If the objection had been taken at the trial, the complaint might have been amended or the additional facts supplied. It is a general rule in the trial of actions, that defects which if pointed out may have been supplied or avoided, will not be available on appeal. The counsel cites section 148 of the Code. That section merely provides that the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the omission to raise the question by answer or demurrer, the effect of which is that such objection may be taken on the trial. In general such defects are waived if not taken by the pleadings or on the trial. The judge did not pass upon the question whether the liability of the sheriff was conclusively or prima facie fixed under section 210 of the Code, by an exception to the sureties, and their failure to justify; or, in other words, whether the failure to justify establishes their insufficiency for which the sheriff is made responsible, nor was the judge asked to decide this question, nor was his attention in any manner called to it. It would be manifestly unjust to permit an objection for the first time in this court which the party had every opportunity to present in the court below, and which if made might have been obviated. The question presented is not free from difficulty, but we think it is not available in this court.
The only question decided by the court below was, that the release set up in the answer did not constitute a defence, and we think that question was properly decided. The facts *Page 273 
alleged were that after the sureties failed to justify, the sheriff, at the request of the defendant in the action, retained the possession of the property, that afterward he surrendered it to said defendant, and that when he surrendered it the said defendant agreed to release him from all liability. The Code (§ 210) provides that if the defendant excepts to the sureties, he cannot reclaim the property under the three day clause, and section 211 requires the sheriff, if not so reclaimed, to deliver it to the plaintiff unless claimed by a third person under section 216. It follows that by excepting to the sureties, which precludes reclamation, the defendant waives the latter remedy, and the mandate of section 211, to deliver the property to plaintiff, becomes imperative. The plaintiff has ten days after the sureties are excepted to, to give notice of the time and place of justification, which shall not be less than five nor more than ten days thereafter. There is no authority for retaining the property by the sheriff during this period. He must deliver it to the plaintiff at the end of three days. We must presume that the legislature intended this result, because section 210 as originally enacted required the sheriff to deliver the property to the defendant if the sureties failed to justify. The object seems to have been to secure greater vigilance and responsibility on the part of the sheriff in respect to proper sureties, before executing the process. We were referred to section 215, as an authority for the sheriff to retain the property after exception. That section only requires him to keep it in a secure place "and deliver it to the party entitled thereto," and we have seen that the party entitled thereto, by section 211, is the plaintiff. This section does not qualify the directions of section 211.
Assuming this construction which is claimed to be the correct one by the counsel for the sheriff, we think the answer contains no defence.
1st. It alleges that the sheriff retained possession of the property at the request of the defendant. If it was alleged that this act was in consideration of the release it would be invalid, because it was a violation of duty. We have seen *Page 274 
that the sheriff was required by statute to deliver the property to the plaintiff, and any agreement or arrangement with the other party to violate this duty would be void, and this would be so, whether within the statute prohibiting the taking of securitiescolore officii or not. It is clearly against public policy to permit public officers to receive any benefit, or to bargain, or make any arrangement for a violation of the duties prescribed by law. It is said that such an agreement could be made with the consent of the plaintiff in that action, and that such consent must be presumed. No such presumption can be indulged. We are construing the defendant's pleading. He is entitled to the benefit of all he alleges, and to the benefit of a fair and reasonable, and not a harsh or technical rule. He says that he retained the property at the request of the defendant, and does not allege or intimate that the plaintiff consented. If any presumption arises in respect to the plaintiff's consent, it is against it, because we may infer that the party stated the defence as favorably as possible for himself.
2d. But retaining the property is not alleged as a consideration for the release. The additional allegations are, that afterward the sheriff delivered and surrendered the property to the defendant in the action, and that it was agreed that such surrender and delivery was to be in full discharge of the sheriff's liability. The surrender is presumed to be after judgment in favor of the defendant, entitling him to a surrender, and it could therefore furnish no consideration for the release. It was the duty of the sheriff, whether he retained the property wrongfully or not, to deliver it to the defendant in obedience to the judgment in his favor, and the discharge of this duty on the part of the sheriff could not create a consideration for the alleged promise to release him. So that in either view the facts stated in the answer constituted no defence.
The sheriff has a remedy against the sureties, and if they are unable to respond it may be inferred that he was not sufficiently vigilant when he approved them. Instead of *Page 275 
directing a verdict, the more regular mode would have been to order judgment upon the pleadings; but no such point was made, and it is not material.
The judgment must be affirmed.
All concur.
Judgment affirmed.