STELLA WICE, by WILLIAM WICE, her guardian *ad litem*, Appellant, *against* THE COMMERCIAL INSURANCE COMPANY, Respondents.

(Decided June 4th, 1877.)

A defendant, upon the commencement of an action against him by an infant, is entitled to an appearance by such infant by a guardian *ad litem*, who is pecuniarily responsible for his costs. But if the defendant does not raise the question of the guardian's responsibility as soon as apprised of the person appointed, he acquiesces in his sufficiency to act in that capacity, and cannot afterwards attack it.

Where, therefore, after judgment for the defendant, an application was made to have all proceedings in the action on the part of the plaintiff stayed until payment of the defendant's costs :—*Held*, that the court, in the absence of some statutory provision, had no power to grant such an application.

APPEAL by plaintiff from an order of this court made at special term. The facts are stated in the opinion.

*Adolph L. Sanger*, for appellant.

*William A. Coursen*, for respondent.

ROBINSON, J.—In this action William Wice was appointed *guardian ad litem* at its commencement, in April, 1875; the action was tried, and judgment rendered in favor of the defendant in June, 1876, for $149 30, on which an execution has been issued and returned wholly unsatisfied, and on proceedings by way of attachment against the guardian, under section 316 of the Code, it appears he has become insolvent and is unable to pay any part of such costs. An appeal has been taken by the plaintiff from the judgment to the general term, without security, and on such proof of the insolvency of the guardian an order has been made that all proceeding in the action, on the part of the plaintiff, be stayed until payment of defendant's said costs. The present appeal is from that order.

The defendant, upon the commencement of an action

against him, by an infant is entitled to an appearance by such infant by a guardian *ad litem*, who is pecuniarily responsible for his costs. (*Fulton* v. *Rosevelt*, 1 Paige, 178 ; *Wood* v. *Wood*, 8 Wend. 369 ; *Dalrymple* v. *Lamb*, 3 id. 424; *Cook* v. *Rawdon*, 6 How. Pr. 233 ; *Ten Broeck* v. *Reynolds*, 13 id. 462.) In all these cases the question as to the solvency of the guardian was raised at the incipiency of the proceedings, and no countenance is given in any of them for any dismissal or stay of the plaintiff's proceeding, especially by way of stay of an appeal from an adverse judgment, by reason of the insolvency of the guardian occurring during the pendency of the action. It is the duty of a defendant to raise this question as soon as apprised of who is the person appointed as guardian, and if he does not then question his responsibility he acquiesces in his sufficiency to act in that capacity. The court does not, except in this respect and under some statutory enactments, have any just authority to insure to defendants security for their costs ; and as a general rule, where such security is once given, as required by statute or a rule of court, and accepted without question, the subsequent insolvency of the sureties furnishes no ground for exacting other solvent parties to be substituted. (*Hartford Quarry Co.* v. *Pendleton*, 4 Abb. Pr. 460 ; *Eiesman* v. *Swan*, 11 id. 112; *Willett* v. *Stringer*, 15 How. Pr. 310 ; *Dudley* v. *Goodrich*, 16 id. 189.) This contingency has only received legislative recognition and been provided for (as far as discovered) in the amendment to section 335 of the Code made in 1859, authorizing the court, on an appeal from a money judgment, to require new sureties in place of such as have become insolvent. By the order appealed from, the infant plaintiff loses his right of appeal by reason of his guardian *ad litem* having become insolvent, unless on payment of defendant's judgment. No precedent or authority is found for such an order after appeal taken from an adverse judgment, or which can justify the extreme results which it produces. The appeal from the special to the general term without giving any security is a matter of right (*Genter* v. *Fields*, 1 Keyes, 483), and cannot be trammeled by any such summary order, preventing any

review of the justice of the judgment appealed from, until the plaintiff has fully satisfied its terms. In my opinion, the order should be reversed with costs and disbursements.

LARREMORE and JOSEPH F. DALY, JJ., concurred.

Order reversed.