Var Vorst, J.
The defendant excepted to the sureties given by the plaintiff, and they failed to justify. The defendant now moves that the sheriff be directed to deliver the property to him. The only provision in the «code, looking to a return of the property to the defendant, before judgment in his favor in the action, is contained in section 211. If the defendant does not except to the plaintiff’s sureties, he may require such return by executing and giving to the sheriff a proper undertaking for the delivery thereof to the plaintiff, if such delivery be adjudged. This return must be required within three days after the taking by the sheriff, and if not so required, the *283 sheriff’s duty is to deliver the property to the plaintiff.
The defendant did not pursue this course, and has interposed no effective obstacle to the delivery of the property to the plaintiff, unless his exception to the plaintiff’s sureties has had that effect.
But section 210 provides that if the defendant except to the sureties, he cannot reclaim the property, as provided in section 211. Manley v. Patterson, 3 Code Rep. 89; and Hofheimer v. Campbell, 59 N. Y. 269. are adjudications adverse to the defendant’s claim. The defendant objects to the hardship of this conclusion ; but if there be any fault, it lies in the condition of the law.
Some support to defendant’s application is sought to be derived from the practice in relation to the old action of replevin, and reference is made to section 30, chapter 8, part 3, title 12 of the Revised Statutes (2 Edmonds' Stat. at L. 545).
But I cannot discover, from that section, anything to justify this motion for a return of the property to the defendant, before judgment.
It is there provided that if the plaintiff’s sureties do not justify, the court, at the next term, shall render judgment of discontinuance against the plaintiff,, and such other judgment as the case may require, in order to restore to the defendant the property replevined.
That this action may not be discontinued by the court for the failure of the sureties to justify, is stated in Manley v. Patterson (supra), and the reasons for the conclusion are satisfactory.
Chapter 342 of the Laws of 1839, section 3, — being an amendment of an act entitled of the action of “replevin,” — was applicable only to the city of New York. It did, however, provide that in the event of the failure of the sureties to justify, an order should be made by the officer before whom the sureties were sum *284 moned, directing the sheriff to deliver the property replevined to the defendant.
But subsequent legislation on this subject, embodied in the code, is significant, and indicates that the present condition of the law on this subject was designed.
The code of 1848, section 185, contained a specific direction, following the act of 1839, that the sheriff should deliver the property to the defendant, if the plaintiff’s sureties, on being excepted to, failed to justify.
But this provision was dropped by the amended code of 1849, when sections 209, 210, 211, as they now exist, were adopted.
The action of replevin, and the former statutory provisions respecting it, were superseded by the provisions of the code, which contains a complete system of procedure for the claim and delivery of personal property, and the statute of 1839, above referred to, is not in force (Code, §§ 468, 471, 472).
Upon the commencement of an action for the recovery of personal property, the defendant, under the code, has the right to elect whether the plaintiff or himself shall have the control of the property before judgment.
If he excepts to the plaintiff’s sureties, he elects not to hold the property himself, and shows himself content to abide the event of the action.
And if the plaintiff’s sureties, given to the sheriff, fail to justify, his remedy against the sheriff is assured in the event that it be determined in the action that he is entitled to a return of the property (Graham v. Wells, 18 How. Pr. 376).
The plaintiff’s motion must be denied, but without costs.