THE UNITED STATES LAND AND INVESTMENT COMPANY, Appellant, v. WILLIAM G. BUSSEY, Respondent.

*Undertaking in replevin — the court cannot require an additional undertaking.*

In an action of replevin the plaintiff, in its replevin affidavit, stated the actual value of the property claimed. The defendant insisted that the value thus taken was less than the true value. He excepted, however, to the plaintiff's sureties, but, before justification, he moved to require of the plaintiff a larger undertaking. The court thereupon ordered a reference to ascertain the real value, from which order the plaintiff appealed.

*Held*, that the court had no power to require an additional undertaking, and, as the reference was superfluous, the order should be reversed.

That the court's authority must be looked for in the statute, and, if not found there, as the authority to require an additional undertaking was not in this case, it did not exist.

That the authority of the court is distinctly specified in section 1705 of the Code of Civil Procedure, and is limited to the provisions thereof in regulating the justification of bail.

That if there had been a *casus omissus* which might lead to oppression, it was for the legislature to remedy the mischief.

Appeal by the plaintiff from an order made at a Special Term held in the county of New York, directing a reference in an action of replevin, which order was entered in the office of the clerk of the county of New York on March 22, 1889.

*Walter S. Cowles,* for the appellant.

*William. G. Bussey,* in person, respondent.

Barrett, J.:

The question presented by this appeal is one of power. The plaintiff, in its replevin affidavit, stated the actual value of the property claimed and gave an undertaking appropriate thereto.

The defendant insists that the value thus stated is less than the true value.   He excepted, however, to the plaintiff's sureties, but, before justification, he moved to require of the plaintiff a larger undertaking.   The court thereupon ordered a reference to ascertain the real value, and the plaintiff appeals from the order.   If the court had no power to require an additional undertaking, the reference was, of course, superfluous, and the order should be reversed.   We think the plaintiff is right in its contention, and that the court, without further inquiry, should have denied the motion for want of power.   The court's authority on this application must be looked for in the statute, and it is not to be found there.   The replevin system is a minute and complicated one.   It cannot be altered or broken in upon to meet the hardship of a particular case. If there has been a *casus omissus* which may lead to oppression, it is for the legislature to remedy the mischief.   When a plaintiff deliberately minimizes the value of the property claimed, he runs the risk of a rebonding at the same value.   That would seem to be the sole check upon undervaluation provided by the statute; that check is amply sufficient where the defendant is able to rebond. If he be unable to rebond, there is no other way of securing him. He must then rely upon the plaintiff's personal responsibility in addition to the undertaking given.   The authority of the court is distinctly specified.   Under section 1705 of the Code of Civil Procedure it is limited to the provisions regulating the justification of bail.   Thus the court may, upon the replevin justification, permit the substitution of new sureties or of a new and amended undertaking. But it cannot try, in this preliminary way, the question of value, and direct the plaintiff to give an undertaking appropriate to the conclusion arrived at on that head.   The exercise of such a power would practically destroy the entire system so elaborately constructed by the Code, and would substitute discretion and equity for the strict legal rights contemplated by the scheme.

Courts have exercised power of the general character contended for only where the granting or witholding of a provisional remedy was within the judicial discretion.   A judge may grant an attachment upon an undertaking in $250 and the court may vacate it, unless the plaintiff increases the security.   So, also, with an injunction or order of arrest.   The replevin writ, however, is not discre-

518 UNITED STATES LAND CO. v. BUSSEY.

tionary. It is not even ordered by the court or by a judge. The plaintiff's requisition is deemed the mandate of the court (§ 1694), but the court has no control over its issuance nor over the subsequent proceedings, except to vacate for irregularities, and, in general, to see that the statutory provisions are duly executed. In *De Reguie* v. *Lewis* (3 Robt., 708), it was said, in considering similar provisions of the old Code, that a party was not entitled "to have any other than the undertaking approved by the sheriff, *however inadequate the amount for which it is given.*" The same strict view was taken with regard to another branch of the statute. In *Manley* v. *Patterson* (3 Code R., 89), EDMONDS, J., observed, "that after the property has been delivered to the plaintiff he could discover no power in the court to order it re-delivered to the defendant, except on final judgment, nor any mode in which an order for its re-delivery, prior to judgment, can be enforced, so that it would seem, that when the property has been delivered to the plaintiff, *even when his sureties are utterly worthless, the statute has provided no remedy*, except the sheriff's responsibility for the plaintiff's omission to justify his sureties." This difficulty seems to have been obviated by the present Code (§ 1706).

In *Knehue* v. *Williams* (1 Duer, 597), DUER, J., denied a motion to set aside the proceedings made upon the ground that the plaintiffs, in the affidavits which they were to make to obtain a delivery, had sworn that the document (which was the subject of the writ) had a certain value. "I apprehend," he said, "that *I have no right now to say that this allegation is erroneous or false.*"

In *Nosser* v. *Corwin* (36 How. Pr., 543), BRADY, J., remarked that "the remedy which is accomplished is perfect without any allowance either by the court or judge or sheriff, depending only upon the condition that sureties be given *in conformity to the statute.*" (*Hofheimer* v. *Campbell*, 59 N. Y., 269; *Cullen* v. *Miller*, 5 Abb. N. C., 282.) The analogies from the rules with regard to security for costs, stay of proceedings on appeal, and similar subjects, favor the view which we entertain as to this limitation of power. It was not until special provision was made by statute that the courts felt authorized to require a new undertaking on appeal, *even when the original sureties became insolvent.* (*Willett* v. *Stringer*, 15 How. Pr., 310.) So, also, as to security for

costs. (*The Hartford Quarry Co.* v. *Pendleton*, 4 Abb. Pr., 460; opinions of BRADY, J., at Special Term and of INGRAHAM, J., at General Term.) And in the late case of *Republic of Honduras* v. *Soto* (112 N. Y., 310) the Court of Appeals held that while under the present Code the court may require an additional undertaking, when the original undertaking in $250 is insufficient, yet where there is a deposit of $250 instead of an undertaking the plaintiff cannot, under any circumstances, be required to make a further deposit. This is simply because the power is specified in the one case and not in the other. The court (RUGER, Ch. J.), quoted from the *People* v. *Woodruff* (32 N. Y., 364): "It is wiser and safer to leave the legislative department to supply a supposed or actual *casus omissus* than attempt to do it by judicial construction."

The order should, therefore, be reversed, with the usual costs and disbursements, and the motion denied, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, with the usual costs and disbursements and the motion denied, with costs.