(31 App. Div. 11.)

### HOHENSTEIN v. WESTMINSTER CANDLE CO.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

BOND IN REPLEVIN.
    After the plaintiff in a replevin action has given the undertaking with sureties required by Code Civ. Proc. § 1699, and has duly obtained possession of the chattels, the court has no jurisdiction to require a further undertaking, even though one of the original sureties becomes insolvent.

Appeal from special term, New York county.

Action by Hugo Hohenstein against the Westminster Candle Company. From an order requiring plaintiff to substitute a new surety, and file a new undertaking in replevin, he appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Felix Jellenik, for appellant.
Otto H. Wofing, for respondent.

McLAUGHLIN, J. The plaintiff replevied certain chattels, and for that purpose executed and delivered the undertaking, with two sureties, required by section 1699 of the Code of Civil Procedure. Thereafter one of the sureties became insolvent, and the defendant on

that ground applied for and obtained the order appealed from, which requires the plaintiff to give a new undertaking.

We think the order must be reversed. There is no provision in the Code of Civil Procedure which entitles a defendant to an undertaking in an action of replevin other than that specified in the section above referred to. The plaintiff, to obtain possession, stated in an affidavit then made by him the actual value of the chattels claimed (section 1695), and gave the undertaking required (section 1699). If the defendant was not satisfied with the sureties named in the undertaking, it could then have excepted to them (section 1703), or it could have itself retained possession by giving the undertaking required by section 1704. Not having, however, seen fit to exercise either of these options, it became the duty of the sheriff to deliver the chattels to the plaintiff (section 1706), and, he having performed that duty, the power of the court to regulate and control the possession of the chattels pending the final determination of the action was exhausted. The statute confers no authority upon the court to thereafter interfere with the possession or control, and no authority exists independent of it. In Manley v. Patterson, 3 Code Rep. 89, where a similar provision of the old Code was under consideration, Edmunds, J., observed:

"That after the property had been delivered to the plaintiff he could discover no power in the court to order it redelivered to the defendant, except on final judgment, nor any mode in which the order for its redelivery prior to judgment could be enforced; so that it would seem that when the property had been delivered to the plaintiff, even when his sureties are utterly worthless, the statute has provided no remedy except the sheriff's responsibility for the plaintiff's omission to justify his sureties."

Substantially the same view was taken with regard to another branch of the statute in Investment Co. v. Bussey, 53 Hun, 516, 6 N. Y. Supp. 416, in which Mr. Justice Barrett said:

"The exercise of such power would practically destroy the entire system so elaborately constructed by the Code, and would substitute discretion and equity for the strict legal rights contemplated by the scheme."

It follows that the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.