### G. W. DAVIS v. J. F. MOHN, Appellant.

**Slander and libel:** LARCENY OF A PROMISSORY NOTE. A promissory note is a thing of value, even though paid and returned to the maker, and is the subject of larceny; and to charge one with stealing such a note is a slander which is actionable *per se*.

**Instruction:** BURDEN OF PROOF. An instruction to the effect that in determining the preponderance of evidence the jury should consider the opportunities of the several witnesses for acquiring a knowledge of facts detailed, and from the same determine on which side is the weight or preponderance of evidence, is not an instruction casting the burden of proof on either party.

**Slander and libel:** WORDS ACTIONABLE *per se*: INSTRUCTION. In an action for slander, where the plain import of the testimony charged plaintiff with stealing a note, there was no occasion to instruct that the slanderous words must be taken in the sense in which the hearers understood them; and besides the slanderous words were actionable *per se* and therefore presumed to have been so understood, and if not so understood then it was for defendant to so show.

**Same:** DAMAGES: MENTAL PAIN AND SUFFERING. Where the words spoken are slanderous *per se,* mental pain and suffering is an element of damages. Overruling Prime v. Eastwood, 45 Iowa, 640.

*Appeal from Linn District Court.*—HON. F. O. ELLISON, Judge.

FRIDAY, JANUARY 14, 1910.

ACTION to recover damages for slander. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed*.

*Randall, Courtney & Harding* and *Jamison, Smyth & Hann,* for appellant.

*Chas. W. Kepler & Son,* for appellee.

SHERWIN, J.—The plaintiff alleged in his petition that the defendant had falsely and maliciously accused him of acts which amount to the crime of larceny of a paid promissory note, and that he intended thereby to charge the plaintiff with having committed such crime. The defendant was the administrator of the estate of one Philip G. Mohn at the time, and in his answer he alleged such fact, and, further, that in 1900 said Philip G. Mohn borrowed of bankers in Lisbon, Iowa, $300, for which he executed his promissory note, that when said note became due, the said maker thereof sent the money to the bank to pay the same by the plaintiff, and that the note was in fact paid, and, as the administrator believed, had been delivered to Philip G. Mohn before his death, and was in his possession at the time of his death. Upon the trial the claim was made by the plaintiff that he had advanced the money to take up the note when it became due, under an agreement with the maker that he should do so, and hold the note until he was repaid the sum so advanced.

The principal contention of the appellant is that the words alleged to have been spoken are not actionable *per se,* and that the court erred in so treating them in the instructions. The basis of the appellant's argument is that a paid promissory note is not a subject of larceny because it has no value. We can not agree to the proposition. Section 4831 of the Code specifies the things that may be the sub-

1. SLANDER AND LIBEL: larceny of a promissory note.

ject of larceny, and among others enumerates "any promissory note . . . or any receipt, release or defeasance; or any instrument or writing whereby any demand, right or obligation is created, increased, extinguished or diminished." The instrument in question is treated by both parties as a promissory note, in form at least, at the time it was alleged to have been stolen, and we think it must be so treated in determining whether it falls within the provisions of the statute referred to, which says that any promissory note may be the subject of larceny. This note bore no indorsement showing payment, and if it had fallen into the hands of an innocent holder, even after payment and possession of the maker, it might still be enforced as a note. In *Savery v. Hays,* 20 Iowa, 25, a note which had in fact been paid was treated as still a note within the ordinary meaning of the word, and the subject of replevin. The evident purpose of the statute in question is to protect all kinds of personal property of any value, and we see no good reason for holding that a promissory note which has been paid and returned to the maker is not within its contemplation. As said in *Savery v. Hays, supra,* even the possession of such a note may be of value to the maker as an evidence of its payment. Indeed, it is therein said that it is the best evidence of its payment. And the case at bar illustrates the thought farther. The plaintiff was in possession of the note in question after the death of Philip G. Mohn, and presented it as a claim against his estate, and if the estate shall be unable to prove by reason of the death of the maker, or for other reasons, its payment, it is still a promissory note, notwithstanding the fact that it may have in fact been paid by the maker. Had the note been found among the papers of the deceased, it would have been evidence of payment, even though it bore no stamp or writing indicating payment. While a promissory note may have no value as a chose in action because of its payment, it may still have a value as an evidence of its payment, or as a

piece of paper simply. Any value would be sufficient to sustain a charge of larceny under all of the authorities. We hold therefore that the trial court properly instructed that to charge the plaintiff with stealing the note in question was actionable *per se*.

The appellant complains of the statement of the issues to the jury. They were not at all complicated, and we are of the opinion that the statement thereof in the language of the pleadings was sufficient. *City of Fort Madison v. Moore,* 109 Iowa, 479.

In one of the instructions the court told the jury that the burden of proof was on the plaintiff to prove by a preponderance of the evidence the facts upon which his action was based. And in the same instruction the jury was told what was meant by a preponderance of the evidence. This was followed by this language: "In determining upon which side is the preponderance of the evidence, you should take into consideration the opportunities of the several witnesses for seeing, etc., . . . and from all this . . . determine upon which side is the weight or preponderance of the evidence." The instruction was but a statement to the jury of a rule for weighing and determining the value of the evidence offered by the respective parties. It was not its purpose to cast any burden on the defendant, and we do not think it subject to such construction.

*2. INSTRUCTIONS: burden of proof.*

Complaint is made because the court did not instruct that the slanderous words must be taken in the sense in which they are understood by the hearers. There was no occasion for such an instruction in this case. All of the testimony showed that they were understood to charge that the plaintiff stole the note from the house of the deceased. Moreover, the words, being actionable *per se,* are presumed to have been understood in their ordinary sense and mean-

*3. SLANDER AND LIBEL: words actionable per se: instruction.*

ing; and, if not so understood, it was for the defendant to
so show. This he did not attempt to do.

In the tenth instruction the jury was told that, if it
found for the plaintiff, it should allow him such sum as
would compensate him for "any indignity, suffering, and

4. SAME:          loss he may have sustained by being brought
   damages:
   mental         into disgrace and public scandal among his
   pain and
   suffering.     neighbors and friends." It is said that the
instruction permitted a recovery for mental pain and suffer-
ing. That mental pain and suffering is not a proper ele-
ment of damages in slander, whether the words are or are
not actionable *per se,* was held in *Prime v. Eastwood,* 45
Iowa, 640. That decision is unsound as to the measure of
damages in actions where the words spoken are actionable
*per se,* if not in all respects. It is very often the case
that a vile and malicious slander may not seriously injure
the reputation or business of its victim, and still cause him
such mental pain and suffering as to practically unfit him
for business, and for that social intercourse with his friends
and neighbors which would otherwise be had, and still,
under the rule announced in the *Prime-Eastwood* case, such
suffering is not an element of damages which may be re-
covered from the malicious wrongdoer. The decision there-
in stands practically alone, and was based on New York
decisions, which held only that mental pain was not a
proper element of damages in actions on words not action-
able *per se.* For cases holding that mental pain and suffer-
ing is a proper element of damages see 25 Cyc. 533, and
notes 80-82, and cases cited therein; 10 Current Law, 615,
and cases cited; 18 Am. & Eng. Enc. of Law, 1083, and
notes 1, 2. We hold that such pain and suffering may be
considered by the jury in determining the amount of dam-
ages in cases where the words spoken are actionable *per se,*
and overrule the *Prime-Eastwood* case insofar as it holds
otherwise.

Complaints are made of two or three other instructions,

but they are of minor importance, and do not merit further notice.

We find no error for which there should be a reversal, and the judgment is therefore *affirmed.*