FAULKNER v. BROWN et al.

(Supreme Court, Special Term, Steuben County.   September 27, 1913.)

1. INFANTS (§ 81*)—GUARDIAN AD LITEM—PECUNIARY RESPONSIBILITY.

Under Code Civ. Proc. § 469, requiring a "competent and responsible person" to be appointed to appear for an infant plaintiff, defendants are entitled to have a guardian ad litem appointed who is pecuniarily responsible.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 222–229; Dec. Dig. § 81.*]

2. INFANTS (§ 81*)—ACTION—GUARDIAN AD LITEM.

The rights of an infant plaintiff should not be prejudiced because the guardian ad litem appointed was not a competent and responsible person, as required by Code Civ. Proc. § 469, and an irresponsible guardian ad litem will be given an opportunity to file an undertaking with sureties conditioned for the payment of costs before a motion will be granted revoking his appointment.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 222–229; Dec. Dig. § 81.*]

Action by James H. Faulkner, by Fanny Faulkner, his guardian ad litem, against Harry K. Brown and others.   On motion by defendants to revoke the appointment of the guardian ad litem.   Motion granted.

Frank J. Nelson, of Hornell, for plaintiff.

Acton M. Hill and Floyd G. Greene, both of Hornell, for defendants.

CLARK, J.   Defendants move to revoke the appointment of the guardian ad litem for plaintiff in this action on the ground that said guardian is not a competent and responsible person.

[1] There is no question but that the defendants are entitled to have a guardian ad litem who is pecuniarily responsible.   Code Civ. Proc. § 469; Wice v. Insurance Co., 7 Daly, 258; Strong v. Jenkins, 15 N. Y. Supp. 120.

From all the papers in the case it would appear that the guardian ad litem appointed for this plaintiff is not shown to be a responsible person, and defendants are clearly entitled to have a guardian who is responsible, and one who, if plaintiff is defeated, would be responsible for costs.

[2] But the plaintiff should have his day in court, and his rights, if any, should not be prejudiced because the guardian ad litem was not shown to be a person competent and responsible within the meaning of section 469 of the Code of Civil Procedure.

This motion is therefore granted, unless plaintiff shall, within 20 days from this date, make and file an undertaking with sufficient surety to be approved by a justice of the Supreme Court, in the penalty of $250, conditioned for the payment of any costs awarded against the plaintiff in this action, but not exceeding said sum of $250, and in case said undertaking is made, approved, and filed within 20 days from this date, the motion is denied.   No costs.

Ordered accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes