■ POWERS-57TH STREET, INC., Appellant, v. CARL GALLO, Respondent.— In an action to recover chattels, to wit, a piano and a piano bench, sold by plaintiff to defendant under a conditional bill of sale, in which plaintiff seeks to replevy the chattels pursuant to statute (Civ. Prac. Act, § 1094 *et seq.*), plaintiff appeals from an order of the Supreme Court, Westchester County, dated December 30, 1959, granting defendant's motion to direct the Sheriff to accept a $250 undertaking filed by defendant with the Sheriff and to stay the Sheriff from proceeding with the replevy; the motion having been granted on condition: (1) that defendant serve upon the Sheriff and upon plaintiff's attorney the defendant's affidavit as prescribed by statute (Civ. Prac. Act, § 1105); (2) that defendant file an undertaking in the increased aggregate sum of $500; and (3) that the chattels involved " be deemed in the constructive custody of the Sheriff " and their " status quo preserved by defendant." Order reversed, without costs, and motion denied. On November 6, 1959, the plaintiff, pursuant to the statute, filed its papers with the Sheriff and requested him to replevy the chattels. About a month later and before the Sheriff had seized or replevied the chattels, defendant filed with the Sheriff his undertaking, with corporate surety, for $250 and made his motion to direct the Sheriff to accept it and to stay him from proceeding with the replevy. The motion was granted conditionally as stated above. We are constrained to hold that the court lacked the power to grant the motion (*United States Land & Inv. Co.* v. *Bussey*, 53 Hun 516; *Hohenstein* v. *Westminster Candle Co.*, 31 App. Div. 11; 7 Carmody, New York Practice, § 706, p. 844). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL G. BORECKY, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, rendered December 4, 1959, convicting him of a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving the scene of an accident without reporting), and sentencing him to pay a fine of $50 or to serve 30 days in the City Prison. The fine was paid. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.